680 A.2d 827

## ALLEGHENY INTERMEDIATE UNIT # 3 EDUCATION ASSOCIATION

v.

BETHEL PARK SCHOOL DISTRICT, Chartiers Valley School District, Elizabeth Forward School District, Highlands School District, North Allegheny School District, Shaler Area School District, and South Fayette Township School District

v.

## BETHEL PARK FEDERATION OF TEACHERS and Chartiers Valley Federation of Teachers

v.

## BETHEL PARK SCHOOL DISTRICT and Chartiers Valley School District.

Appeal of BETHEL PARK SCHOOL DISTRICT, North Allegheny School District, Highlands School District, Chartiers Valley School District, Shaler Area School District, Elizabeth Forward School District and South Fayette Township School District.

Supreme Court of Pennsylvania.

Argued March 4, 1996.

Decided July 17, 1996.

William C. Andrews, Lee V. Price, Pittsburgh, for Bethel Park, North Allegheny, Chartiers Valley & Highlands School Districts.

James Dodaro, Beth S. Mills, Pittsburgh, for Elizabeth Forward School District.

John D. Zimmer, Pittsburgh, for Shaler Area School District.

W. Theodore Brooks, Pittsburgh, for South Fayette School District.

Ronald W. Watzman, Pittsburgh, for Allegheny Intermediate Unit #3 Association.

Stephen H. Jordan, Pittsburgh, for Bethel Park & Chartiers Valley Federation of Teachers.

Leslie A. Colins, Mark P. Widoff, Harrisburg, for amicus curiae–PA State Education Association/National Education Association.

Before FLAHERTY, ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## *OPINION*

NIGRO, Justice.

Bethel Park, Chartiers Valley, Elizabeth Forward, Highlands, North Allegheny, Shaler Area, and South Fayette Township School Districts ("Appellants") appeal from the order of the Commonwealth Court affirming the Court of Common Pleas of Allegheny County, which granted the declaratory judgment request filed by the Allegheny Intermediate Unit # 3 Education Association ("Appellee"). For the reasons presented herein, we affirm.

Prior to 1991, special education classes in Pennsylvania public schools were taught by intermediate units that had contracted with local school districts to provide this service. In 1991, the Commonwealth instituted a new scheme for the funding of these classes. The new arrangement made it more economically attractive for Appellants to conduct their own special education programs than to continue contracting with an intermediate unit. Accordingly, beginning with the 1991–92 school year, Appellants took over the special education programs administered by Allegheny Intermediate Unit # 3 ("I.U.") and, pursuant to the Transfer of Entities Act [1] ("Act"), hired a number of I.U. teachers as well.

Section 11–1113(b) of the Act states: "[t]ransferred professional employees shall be credited by the receiving entity only for their sick leave accumulated in the sending entity and also for their years of service in the sending entity, the latter for purposes of sabbatical leave eligibility and placement in the salary schedule...." Under this section, Appellants credited

---

1. 24 Pa. Stat. Ann. § 11–1113 (1992). Section 11–1113(a) states:

   [w]hen a program or class is transferred as a unit from one or more school entities to another school entity or entities, professional employees who were assigned to the class or program immediately prior to the transfer and are classified as teachers as defined in [24 Pa. Cons.Stat. Ann.] section 1141(1) and are suspended as a result of the transfer and who are properly certificated shall be offered employment in the program or class by the receiving entity or entities when services of a professional employe are needed to sustain the program or class transferred, as long as there is no suspended professional employe in the receiving entity who is properly certificated to fill the position in the transferred class or program.

the former I.U. teachers for their actual years of service in the I.U. However, the teachers were not credited for any years of service prior to their employment in the I.U. itself even though they had received credit for this prior experience upon their initial hiring by the I.U.

Appellee filed an action for declaratory judgment in the Court of Common Pleas of Allegheny County, seeking an order directing Appellants to credit the former I.U. teachers for any years of service prior to I.U. employment. Following the submission of briefs and stipulated facts, the court found section 11–1113(b) of the Act to be ambiguous. In order to determine the proper interpretation of the section, the court applied the Statutory Construction Act of 1972.[2] After concluding that section 11–1113(b) was not meant to deprive the transferred teachers of experience gained prior to employment in the I.U., the court ruled in favor of Appellee and ordered Appellants to credit the teachers for this prior experience.[3] Appellants then filed post-trial motions, which the court denied.

On appeal, the Commonwealth Court agreed with the lower court's reasoning and therefore affirmed. Appellants then appealed to this Court.

We granted the petition for allowance of appeal to address the question whether section 11–1113(b) of the Act requires Appellants to credit the transferred teachers, as "professional employees"[4] for purposes of the Act, with the years of service

---

2. 1 Pa. Cons. Stat. Ann. §§ 1501–1991 (Supp.1995) ("Statutory Construction Act").

3. The court's order indicated that credit for prior experience was to be given for purposes of salary and sabbatical leave only, not for sick leave. (R.R. at 105a.)

4. "Professional employees" are defined as

those who are certified as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

24 P.S. § 11–1113.

credited to them by the I.U. for experience gained prior to I.U. employment.

■ Our review of a declaratory judgment is limited to determining whether the trial court's findings of fact are supported by substantial evidence, or whether the trial court committed an error of law or abuse of discretion. *See Hornstein Enterprises, Inc. v. Township of Lynn,* 160 Pa. Commw. 72, 74 n. 2, 634 A.2d 704, 705 n. 2 (1993) (citing *Associated Pennsylvania Constructors v. Pittsburgh,* 134 Pa. Commw. 536, 579 A.2d 461 (1990), *appeal denied,* 527 Pa. 618, 590 A.2d 759 (1991)), *appeal denied,* 538 Pa. 660, 648 A.2d 791 (1994).

Appellants contend that the language of section 11–1113(b) is clear on its face and requires them to credit the transferred teachers only for their actual years of service in the I.U. Appellee, claiming that the wording of section 11–1113(b) is ambiguous, argues for the application of the Statutory Construction Act and for the conclusion that Appellants must credit the teachers for all experience credited to them by the I.U.

■ We agree with Appellee that the meaning of section 11–1113(b) is not explicit. Specifically, we believe that the phrase "years of service in the sending entity" is open to more than one interpretation. It can reasonably be taken to mean all years of service credited by the sending entity, as Appellee suggests, or only those years of service actually earned in the sending entity, as Appellants suggest. When the wording of a statute is not clear on its face, as here, we must ascertain the intent of the General Assembly in accordance with the Statutory Construction Act.[5]

■ To that end, we note initially that the General Assembly, when indicating the amount of sick leave to be credited by a school district, used the phrase "accumulated in the sending entity," but when it identified the years of service to be credited for salary and sabbatical leave purposes, the words

---

5. "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a). (Supp.1995).

"accumulated in" were not used. We agree with our lower courts in the instant case that this word choice suggests an intent on the part of the General Assembly not to omit previous experience credited to the teachers upon their initial hiring by the I.U.

Second, although questions of statutory construction are for the courts' determination, appropriate weight will be given to the interpretation of the agency administering the statute in question. *See* 1 Pa. Cons.Stat. Ann. § 1921(c)(8) (Supp.1995); *Higher Educ. Assistance Agency v. Abington Memorial Hospital*, 478 Pa. 514, 521, 387 A.2d 440, 443 (1978) (quoting *National Labor Relations Bd. v. Hearst Publications, Inc.*, 322 U.S. 111, 130–31, 64 S.Ct. 851, 860, 88 L.Ed. 1170, 1184–85 (1944)). In the instant case, that agency is the Pennsylvania Department of Education ("Department"), which is empowered to supervise all public schools in the Commonwealth. *See* 71 Pa. Stat. Ann. § 1037 (1990). "The Department understands Section 1113 to mean that whatever credit for seniority or years of service was recognized by the sending entity, must also be recognized by the receiving entity." Department, *Basic Education Circular # 15–91, quoted in* Appellee's Br. at 4.

We believe the Department's interpretation is a reasonable one. It is also in accord with our understanding of the intent of the General Assembly as evidenced by the word choice in section 11–1113(b). We therefore conclude that the General Assembly intended the phrase "years of service in the sending entity" to mean all years of service credited by the sending entity, as Appellee suggests.[6] Thus, Appellants are required under section 11–1113(b) of the Act to credit the former I.U. teachers in the instant case with all years of service credited

6. In two recent decisions, the Commonwealth Court has also arrived at this interpretation of section 11–1113(b). *See Luzerne Intermediate Unit # 18 Educ. Ass'n v. Pittston Area School Dist.*, 168 Pa. Commw. 304, 313, 650 A.2d 1112, 1116–17 (1994) (quoting Department, *Basic Education Circular # 15–91* ); *Souderton Area School Dist. v. Souderton Area Educ. Ass'n*, 162 Pa. Commw. 490, 499 n. 6, 639 A.2d 904, 908 n. 6 (1994) (same), *appeal denied*, 540 Pa. 589, 655 A.2d 519 (1994).

to them upon their initial hiring by the I.U., as well as for their actual years of service in the I.U.

In light of this conclusion, we find no error of law or abuse of discretion on the part of the trial court. Accordingly, we affirm.

NIX, C.J., and NEWMAN, J., did not participate in the consideration or decision of this case.