CONLEY MOTOR INNS, INC., Suncrest
Golf Course, Inc. and Lakeview
North Golf Course et al.

v.

The TOWNSHIP OF PENN.

Conley Motor Inns, Inc., Suncrest Golf
Course, Inc. and Lakeview North
Golf Course, Appellants.

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 1999.

Decided April 15, 1999.

Michael J. Pawk, Butler, for appellants.

Philip P. Lope, Zelienople, for appellee.

Before McGINLEY, J., KELLEY, J, and JIULIANTE, Senior Judge.

KELLEY, Judge.

Conley Motor Inns, Inc., Suncrest Golf Course, Inc. and Lakeview North Golf Course et al. (Taxpayers) appeal from an order of the Court of Common Pleas of Butler County (trial court). The trial court's order denied Taxpayers' amended petition for appeal brought pursuant to the Declaratory Judgments Act of Pennsylvania, 42 Pa. C.S. §§ 7531–7541. We affirm.

The Supervisors of the Township of Penn (Township) enacted Township Ordinance No. 108, entitled "Amusement Tax Ordinance" pursuant to the authority delegated by Section 2 of the Local Tax Enabling Act (LTEA).[1] The stated purpose of the ordinance is to provide for general revenue purposes by way of the levying, assessment and collection of taxes imposed upon any facility which charges an admission within the Township. In addition, the ordinance specifically exempted from tax liability any activities which the LTEA declared to be exempt.

Taxpayers include several public, for-profit, golf courses whose greens fees are subject to the Township's amusement tax.[2] Pursuant to Section 6 of the LTEA, 53 P.S. § 6906, Taxpayers filed a Petition for Tax Appeal

challenging the validity of the tax ordinance. Taxpayers eventually amended the petition to assert that the action was being brought under the Declaratory Judgments Act.

In the petition, Taxpayers conceded that the Township could not collect an amusement tax from the Butler Country Club and the Penn Valley Athletic Club for their general membership admissions, fees, or dues;[3] however, Taxpayers averred that a rational basis did not exist for the exemption of specific or separate membership dues or fees paid to the clubs for golf, tennis or other activities.

In denying Taxpayers' petition, the trial court noted that the legislature, in Section 2(7) of the LTEA, 53 P.S. § 6902(7), specifically declared that local authorities did not have the authority to assess taxes on non-profit organizations including golf and tennis clubs. Consequently, the trial court concluded that the Township's adherence to the language of the statute was reasonable and legitimate and denied Taxpayers' petition. This appeal followed.[4]

Taxpayers contend that the Township's failure to collect an amusement tax on the fees charged by private clubs for similar activities, while collecting the amusement tax on all activities at the golf courses is unequal and irrational and imposes substantially unequal tax burdens upon persons otherwise similarly situated. Accordingly, Taxpayers believe that the Township's enforcement of the amusement tax violates the Equal Protection Clause of the United States Constitution and the Uniformity Clause of the Pennsylvania Constitution.[5]

---

1. Act of December 31, 1965, P.L. 1257, as amended, 53 P.S. § 6902.

2. The parties stipulated that the Township could collect the amusement tax from the golf courses at a rate of five percent (5%) of forty percent (40%) of each greens fees paid. Reproduced Record at 10a.

3. We note that these clubs are non-profit organizations created for the purpose of recreation.

4. This court's scope of review in an action for declaratory judgment is limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed, or whether the trial court abused its discretion. *Allegheny Intermediate*

*Unit #3 Education Association v. Bethel Park School District*, 654 A.2d 192 (Pa.Cmwlth.1995), affirmed, 545 Pa. 78, 680 A.2d 827 (1996)

5. Section 1 of the Fourteenth Amendment of the United States Constitution states in relevant part that the state shall not deprive "any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Article VIII, Section 1, of the Pennsylvania Constitution provides that "[a]ll taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

 Initially, we note that a taxing authority possesses wide discretion regarding matters of taxation, with this discretion being limited by the requirements of the Equal Protection and Uniformity Clauses of the United States and Pennsylvania Constitutions. *Leventhal v. City of Philadelphia,* 518 Pa. 233, 542 A.2d 1328 (1988). Furthermore, it is a well-established principle that the imposition of a tax is presumed to be constitutionally valid and the taxpayer challenging the tax bears the heavy burden of establishing that the tax clearly, palpably and plainly violates the constitution. *Adams Outdoor Advertising v. Borough of Stroudsburg,* 667 A.2d 21 (Pa.Cmwlth.1995), *petition for allowance of appeal denied,* 544 Pa. 661, 676 A.2d 1201 (1996). Any doubts regarding the constitutionality of tax legislation should be resolved in favor of upholding its constitutionality. *Id.*

 In the context of tax legislation, equal protection and uniformity do not require absolute equality and perfect uniformity in the imposition of a tax. *City of Pittsburgh v. Commonwealth,* 522 Pa. 20, 559 A.2d 513 (1989). The legislation, however, cannot treat similarly situated entities differently. *Leventhal.* Challenges to the constitutionality of a tax measure are reviewed under the rational basis standard, and the tax statute is constitutional if there can be discerned some concrete justification for treating a relevant group of taxpayers, as members of distinguishable classes, to different tax burdens. *City of Harrisburg v. School District of Harrisburg,* 675 A.2d 758, (Pa.Cmwlth.1996), *reversed on other grounds,* 551 Pa. 295, 710 A.2d 49 (1998).

Here, the Township distinguishes which taxpayers are subject to the amusement tax based on the language of Section 2(7) of the LTEA. This section states that local authorities do *not* have the authority:

6. Section 8(10) states:

 No taxes levied under the provisions of this act shall be levied by any political subdivision on the following subjects exceeding the rates specified in this section:
 (10) On admissions to golf courses, ten percent. The tax base upon which the tax shall be

To levy, assess or collect a tax on membership in or membership dues, fees or assessment of charitable, religious, beneficial or non-profit organizations including but not limited to sportsmens, recreational, golf and tennis clubs, girl and boy scout troops and councils.

In addition, Section 8(10) of the LTEA, 53 P.S. § 6908(10), implicitly recognizes a local authority's power to tax admissions to golf courses by specifically limiting the amount of tax a political subdivision can levy on a greens fee.[6]

 The General Assembly clearly intended to distinguish between admission fees charged at for-profit golf courses versus membership fees charged at non-profit recreational organizations. Although the recreational activities engaged in at the private clubs and the golf courses are similar, the status and purpose of the organizations are entirely different. Both of the private clubs at issue in this matter are non-profit organizations set up to provide recreational services to their members, while the public golf courses are in business to secure a profit by charging a fee for use of the golf course. Consequently, the Township properly exempted the membership fees charged by the Butler Country Club and Penn Valley Athletic Club from amusement tax liability.

 Taxpayers also believe that, because the private, non-profit organizations in the Township charge separate fees and dues for certain recreational activities such as swimming and playing golf or tennis, these dues and fees are subject to the amusement tax. We are unwilling, however, to interpret Section 2 of the LTEA to require the unbundling of recreational membership fees and dues for the purpose of taxation. In the absence of a clear directive from the General Assembly, we conclude that all recreational membership dues and fees paid to non-profit organizations, regardless of their purpose, are exempt from taxation.[7]

levied shall not exceed forty percent of the greens fee. The greens fee shall include all costs of admissions to the golf course.

7. Of course, the non-profit organizations must continue to abide by their bylaws and stated purpose. *See* Nonprofit Corporation Law of 1988, *as amended,* 15 Pa.C.S. §§ 5101–6162.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 15th day of April, 1999, the order of the Court of Common Pleas of Butler County, dated June 30, 1998, at E.Q. No. 97–50022, is affirmed.