810 A.2d 1182

**William R. POOLE, Jr.,**

v.

**WORKERS' COMPENSATION APPEAL BOARD
(WAREHOUSE CLUB, INC.),**

**Appeal of Warehouse Club, Inc.**

Supreme Court of Pennsylvania.

Argued March 6, 2002.

Decided Nov. 20, 2002.

F. David Dermotta, for Warehouse Club, Inc.

James A. Holzman, Harrisburg, Amber Marie Kenger, Mechanicsburg, Workers' Compensation Appeal Board.

Elizabeth M. Tarasi Jr., for William R. Poole, Jr.

Neil Anthony Grover, Harrisburg, for Pennsylvania Trial Lawyers Association.

Before ZAPPALA, C.J., and CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

## *OPINION*

Chief Justice ZAPPALA.

We granted Warehouse Club, Inc.'s, petition for allowance of appeal to determine whether proceeds from a legal malpractice action are subject to subrogation pursuant to Section 319 of the Workers' Compensation Act of June 2, 1915, P.L. 736, art. III § 319 *as reenacted and amended,* 77 P.S. § 671. For the reasons below, we hold that such proceeds are subject to subrogation and reverse the order of the Commonwealth Court.

William R. Poole, Jr., is the Appellee here and was the claimant in the initial workers' compensation action below. Poole sustained an injury during the course of his employment with Warehouse Club on March 8, 1989. On that date, Poole slipped and fell on ice in front of Warehouse Club's building. Poole received benefits under the Workers' Compensation Act for this injury from March 9, 1989, until his benefits were commuted by the Order of the Workers' Compensation Judge on September 26, 1996.

On May 6, 1995, Poole filed a civil complaint against his former legal counsel alleging that former counsel had been negligent in his representation of Poole, as Poole's third party complaint against the owner of the property where he fell had been filed against the wrong parties. Poole's former counsel's mistake resulted in the third party complaint being dismissed by the Westmoreland County Court of Common Pleas on May 27, 1992. Because the two year statute of limitations had expired, Poole was unable to refile his civil complaint against

the proper third party defendants. On July 22, 1998, Poole filed a Praecipe to Settle and Discontinue the legal malpractice action, because that action had been settled.

Poole, through his current counsel denied requests for subrogation against any money received in the settlement between Poole and his former legal counsel from Warehouse Club and its insurer Travelers Insurance Company. On November 20, 1998, Warehouse Club and Travelers filed multiple petitions with the Workers' Compensation Judge alleging that they had a right to subrogation against any settlement that Poole had reached with his former counsel.

The Workers' Compensation Judge agreed with Warehouse Club and Travelers. Specifically, the WCJ found that a denial of subrogation would result in Poole receiving a double recovery and that Poole would not have been able to recover in the legal malpractice action unless he had established that he would have obtained a recovery in his third party action for the 1989 injury. Thus, the Workers' Compensation Judge ordered Poole to disclose the details of his financial settlement with his former legal counsel. The Workers' Compensation Appeal Board affirmed the pertinent portions of the Workers' Compensation Judge's order.

The Commonwealth Court reversed. *Poole v. Workers' Compensation Appeal Board (Warehouse Club, Inc.)*, 770 A.2d 385 (Pa.Cmwlth.2001) (*en banc*). Noting that this case was one of apparent first impression in the Pennsylvania Courts, the Commonwealth Court relied upon the rationale expressed by this Court in *Dale Manufacturing Co. v. Bressi*, 491 Pa. 493, 421 A.2d 653 (1980). In *Dale*, an injured employee, otherwise covered by the Workmen's Compensation Act, was additionally, and subsequently, injured due to medical malpractice during the treatment for the injury that occurred within the scope of employment. We found that the employer who sought subrogation failed to support its position with independent evidence; rather it relied entirely upon the employee's third party complaint for medical malpractice. Because the employee's complaint against the third party did not establish that the subsequent medical treatment, needed to

remedy the malpractice, was either an aggravation of the original work related injury, or a new and independent injury, we held that the employer had not met its burden of proving that the injury resulting from the medical malpractice was an aggravation of the work related injury. 421 A.2d at 655–56.

In the present case, the Commonwealth Court determined that "Section 319 of the Act . . . clearly require[s] causation between the injury and the act or omission of a third party to facilitate subrogation." 770 A.2d at 390. The court ultimately determined that the language of Section 319 does not provide the employer a subrogation right where a legal malpractice settlement resulted from former counsel's malfeasance in pursuing a claim against a third party.

We agree that this is a case of first impression in our courts.[1]   Article III, Section 319 of the Workers' Compensation Act, 77 P.S. § 671, states, in pertinent part:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer. . . .

77 P.S. § 671.

Poole argues that subrogation is inappropriate here because his settlement with his former counsel was for legal malpractice, a cause of action which is neither a compensable injury under the Workers' Compensation Act, nor one with the required causal relationship to his work related injuries.

Like the Commonwealth Court, we begin our analysis with *Dale Manufacturing Co.* There, we noted the threefold rationale for an employer's right of subrogation:

---

1.   While this is an issue of first impression before us, we note that this issue has appeared before the United States District Court for the Eastern District of Pennsylvania. The district court analyzed our case law, public policy, as well as the statutory language of Section 319 and predicted that "the Supreme Court of Pennsylvania would decide that the proceeds of a legal malpractice claim are subject to subrogation pursuant to Section 319. . . ." *Graham v. Liberty Mutual Group,* 1998 WL 961376 (E.D.Pa.1998).

[T]o prevent double recovery for the same injury by the claimant, to ensure that the employer is not compelled to make compensation payments made necessary by the negligence of a third party, and to prevent a third party from escaping liability for his negligence.

421 A.2d at 654, (citing *Stark v. Posh Construction Co.*, 192 Pa.Super. 409, 162 A.2d 9 (1960)). It is the employer's burden to demonstrate that it is compelled to make payments by reason of the negligence of a third party and the fund to which he seeks subrogation was for the same compensable injury for which he is liable under the Act. *Dale Manufacturing Co.*, 421 A.2d at 655. We also noted in *Dale Manufacturing Co.* that:

> [T]he [Commonwealth C]ourt in *Savage [v. Jefferson Medical College Hospital,* 7 Pa.Cmwlth. 35, 298 A.2d 694 (1972),] drew a distinction between new and independent injuries caused by a third party and those that aggravate or extend the initial compensable injury, holding that only the latter entitled an employer to subrogation rights.

Ultimately, in *Dale Manufacturing Co.*, we held that:

> Employer failed to offer medical testimony in support of his position and chose instead to rely solely on claimant's third party complaint. There is nothing in the complaint to establish that the subsequent medical treatment necessitated by [the medical malpractice injury] either aggravated the original or caused a new and independent one. Clearly, employer has not sustained his burden of proof . . .

421 A.2d at 655–56.

We next turn our analysis to the question of whether an employer's reliance upon a legal malpractice complaint would prevail where we previously found that the medical malpractice complaint, with nothing more, fails. In *Kituskie v. Corbman,* 552 Pa. 275, 714 A.2d 1027, 1030 (1998), we reiterated that,

> [i]n essence, a legal malpractice action in Pennsylvania requires the plaintiff to prove that he had a viable cause of action against the party he wished to sue in the underlying case and that the attorney he hired was negligent in prose-

cuting or defending that underlying case (often referred to a proving a "case within a case").

It is this elemental requirement of proving the case within the case, that makes a legal malpractice action unique. When placed into the framework of *Dale Manufacturing Co.*, we find that this unique element compels a different result, for now the employee must demonstrate not merely an injury as a result of the malfeasance of his previous counsel, but also the malfeasance of the original tortfeasor which resulted in the underlying injury. Thus, an employer may rely upon the employee's legal malpractice action to demonstrate that "the compensable injury is caused ... by the third party." Furthermore, we find that this result is mandated by the underlying rationale of subrogation in the context of the Workers' Compensation Act. The employee is made whole for his injury while not receiving a double benefit. The employer is not compelled to make compensation payments for the negligence of a third party. Finally, while the underlying tortfeasor may have escaped liability due to the statute of limitations and the actions of employee's previous counsel, the legal malpractice action places this liability on the proper party.

We therefore reverse the Commonwealth Court and reinstate the order of the Workers' Compensation Appeal Board.