**Clyde KENNEDY, Petitioner**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (HENRY MODELL & CO., INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 17, 2013.

Decided Aug. 1, 2013.

Christopher S. Froba, Conshohocken, for petitioner.

Rhonda F. Harris, Philadelphia, for respondent Henry Modell & Co., Inc.

BEFORE: PELLEGRINI, President Judge, and LEAVITT, Judge and FRIEDMAN, Senior Judge.

OPINION BY Judge LEAVITT.

Clyde Kennedy (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) granting the request of Henry Modell & Co., Inc. (Employer) to recover the workers' compensation benefits it paid to Claimant by way of a subrogation lien against Claimant's third party recovery. In doing so, the Board affirmed the Workers' Compensation Judge's (WCJ) determination that Employer is entitled to subrogation because Claimant's tort damages arose from his work injury. Finding no error, we affirm.

The following facts are not in dispute. On May 3, 1989, Claimant sustained a crush injury to his right hand while using a conveyor belt at work. Employer, through its workers' compensation insurance carrier Liberty Mutual, paid total disability benefits and medical bills.

The conveyor belt had been manufactured and installed by Keystone Spray Equipment, Inc. Claimant's counsel informed Employer that Claimant intended to pursue a product liability action against Keystone. Employer asserted a subrogation lien against any third party recovery for the compensation benefits it paid Claimant. Claimant's counsel agreed to protect the subrogation lien and to withhold disbursement of any proceeds obtained in the product liability action until Employer was reimbursed for its lien.

Claimant filed a complaint against Keystone in the Court of Common Pleas of Philadelphia County (trial court) alleging negligence, breach of implied warranties and strict liability. Keystone's insurance carrier, Regis Insurance Company, refused to defend the action, claiming that Claimant's action fell within the "products hazard" exclusion found in Keystone's policy. Reproduced Record at 69a, 72a (R.R. ——). Keystone itself was financially insolvent and was unable to pay a judgment or settlement to Claimant or pursue Regis for indemnification.

In June 1996, the trial court approved a consent judgment against Keystone and in favor of Claimant in the amount of $426,723.44. R.R. 83a. The parties stipulated that Keystone was liable for Claimant's injury due to, *inter alia,* negligent manufacture and installation of the conveyor belt and failure to warn of its dangers.[1] Claimant agreed not to pursue Keystone for the judgment. Instead, with an assignment from Keystone of its rights under its

---

1. Claimant contends that there is no lien obligation because there has never been a judicial finding that Keystone committed any negligent act resulting in injury. A judicial finding is not necessary. The parties stipulated to Keystone's negligence and the trial court approved the consent judgment.

liability policy, Claimant pursued Regis for collection of the judgment.

Claimant filed a complaint against Regis for breach of contract and bad faith refusal to defend and indemnify Keystone. The trial court ruled in Claimant's favor, concluding that Regis had a duty to defend Keystone in Claimant's product liability action and that Regis must indemnify Keystone for the amount of the 1996 consent judgment. In doing so, the trial court determined that Keystone's negligence included conduct that went beyond the "product" exclusion, and, therefore, was covered under its policy with Regis. Regis appealed and the Superior Court affirmed. *Keystone Spray Equipment, Inc. and Clyde Kennedy v. Regis Insurance Company*, 767 A.2d 572 (Pa.Super.2001).

Employer wrote to Claimant's counsel, asserting a subrogation lien for disability and medical benefits it had paid in the amount of $81,095.09. When it did not receive payment, Employer filed a review offset petition seeking subrogation against Claimant's third party recovery. Claimant filed an answer asserting that Employer was not entitled to subrogation because the money Claimant received from Regis was for breach of contract, not negligence.

The matter was assigned to a WCJ, who received documentary evidence from the parties.[2] The WCJ granted Employer's review offset petition. The WCJ found that Employer had a lien in the amount of

$81,095.09 for workers' compensation paid and that Claimant obtained a judgment against Keystone by stipulation in the amount of $426,723.44. Although further legal action was required to obtain payment, the WCJ concluded that Employer was entitled to subrogation because the judgment arose out of Claimant's 1989 work injury. Claimant appealed and the Board affirmed. Claimant then petitioned for this Court's review.[3]

Claimant raises one issue for our consideration. Claimant argues that the Board erred in concluding that Employer is entitled to subrogation when Claimant's judgment did not come from a third party tortfeasor, but from the tortfeasor's liability insurer.[4]

■ Section 319 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671, gives an employer an absolute right to subrogation. *Thompson v. Workers' Compensation Appeal Board (USF&G Co. and Craig Welding Equipment Rental)*, 566 Pa. 420, 432–33, 781 A.2d 1146, 1153–54 (2001). Section 319 states, in relevant part, as follows:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe . . . against such third party to the

2. No hearings were held on the record and no testimony was taken.

3. This Court's review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *City of Philadelphia v. Workers' Compensation Appeal Board (Brown)*, 830 A.2d 649, 653 n. 2 (Pa.Cmwlth.2003).

4. Claimant also suggests that the WCJ made findings of fact unsupported by substantial evidence, namely that Claimant's counsel agreed to protect Employer's asserted subrogation lien after receiving the stipulated judgment from Keystone. Claimant is correct that any offer to protect the subrogation lien occurred years before the judgment. However, the WCJ's error with respect to the timeline is harmless because it has no bearing on the outcome of the case.

extent of the compensation payable under this article by the employer. . . .

77 P.S. § 671.

 The rationale behind the right to subrogation, as explained by the Pennsylvania Supreme Court, is threefold:

to prevent double recovery for the same injury by the claimant, to ensure that the employer is not compelled to make compensation payments made necessary by the negligence of a third party, and to prevent a third party from escaping liability for his negligence.

*Dale Manufacturing Co. v. Bressi*, 491 Pa. 493, 496, 421 A.2d 653, 654 (1980). Where an employee's work injury is caused by the negligent conduct of a third party, "there is a clear, justifiable right to subrogation under Section 319 of the Act." *Id.* The employer must prove that it

is compelled to make payments by reason of the negligence of a third party and *the fund to which [it] seeks subrogation was for the same compensable injury for which [it] is liable* under the Act.

*Id.* at 497, 421 A.2d at 655 (emphasis added). An employer's entitlement to subrogation is a question of law based upon the facts as found by the WCJ. *Griffin v. Workers' Compensation Appeal Board (Thomas Jefferson University Hospital)*, 745 A.2d 61, 63 n. 3 (Pa.Cmwlth.1999).

Claimant argues that by law an employer is subrogated only where the recovery comes from the third party who caused the injury for which the employer has paid compensation benefits. Here, Keystone was the third party tortfeasor that caused Claimant's injury, and Keystone paid nothing to Claimant. Claimant's recovery came from Regis, which had not honored its contractual duty to Keystone. Regis played no part in the work injury. Claimant posits that an employer cannot assert a subrogation lien against a recovery received from any source other than the third party tortfeasor.

In support of this argument, Claimant relies on *American Red Cross v. Workers' Compensation Appeal Board (Romano)*, 745 A.2d 78 (Pa.Cmwlth.2000), *affirmed per curiam*, 564 Pa. 192, 766 A.2d 328 (2001). The claimant was injured in an automobile accident by an uninsured driver. The employer asserted a subrogation lien against a payment the claimant received through an uninsured motorist insurance policy paid for exclusively by the claimant. This Court, noting that employers' subrogation rights exist "only against sums received from suits against *third party tortfeasors*," held that the employer was not entitled to subrogation because the money was not paid by or on behalf of the third party tortfeasor. *Id.* at 81 (emphasis in original). Rather, the money came from an insurance policy purchased by the claimant for his own benefit.

Claimant also cites to medical malpractice cases such as *Dale Manufacturing*, 491 Pa. 493, 421 A.2d 653, for the proposition that the recovery must come from a third party whose conduct caused or contributed to the work injury. The claimant sustained a ruptured disc in her back at work and underwent surgery to treat her back. The surgeon neglected to remove a cotton pad from the wound during that surgery, requiring a second operation. The claimant sued the doctor for malpractice, and her lawsuit was settled. Our Supreme Court held that the employer was not entitled to subrogation because claimant's settlement involved a different injury that did not aggravate her work injury. The employer failed to meet its burden of proving that "the fund to which [it sought] subrogation was for the same compensable injury for which [it] is liable under the Act." *Id.* at 497, 421 A.2d at 655.

Claimant also relies on *Brubacher Excavating, Inc. v. Workers' Compensation Appeal Board (Bridges)*, 575 Pa. 168, 835 A.2d 1273 (2003). In that case, the claimant sustained a back injury at work and received benefits. The claimant returned to work with a different employer but was fired when the new employer's workers' compensation insurance carrier refused to extend coverage to him. The Supreme Court, affirming the decision of this Court, held that the first employer was not entitled to a subrogation lien out of the claimant's recovery against the second employer in an unlawful discrimination lawsuit. The second employer caused a new injury, *i.e.*, a civil rights violation, and did not aggravate the claimant's original back injury. In doing so, the Court explained that "the plain language of Section 319 requires an employer to establish that a third party caused the *'compensable injury'* before subrogation is permitted." *Id.* at 175, 835 A.2d at 1277 (emphasis in original).

Employer rejoins that it matters not that Claimant received funds from Regis, Keystone's liability insurer. The source of the funds paid to Claimant would have been the same if Regis had agreed to defend the underlying action. Regis' liability to Claimant arose out of its contractual obligation to defend and indemnify Keystone for its negligence that injured Claimant. Thus, Employer has an absolute right to subrogation under Section 319 because Claimant received a payment due to Keystone's negligence, and it was that negligence that caused Claimant's work injury.

Employer argues that the cases relied upon by Claimant are distinguishable and points, instead, to *Poole v. Workers' Compensation Appeal Board (Warehouse Club, Inc.)*, 570 Pa. 495, 810 A.2d 1182 (2002). In *Poole*, the claimant fell on ice outside his workplace and received workers' compensation for his injury. The claimant attempted to file a tort claim against the owner of the property where he fell; however, his attorney named the wrong defendant. His attempt to re-file against the proper defendant failed because the statute of limitations had run. The claimant sued his attorney for legal malpractice and received a settlement. The employer asserted a subrogation lien against the settlement. The claimant responded that legal malpractice was separate and unrelated to the cause of his work injury.

Our Supreme Court held that the employer was entitled to subrogation. The Court reasoned that unlike a medical malpractice claim, a legal malpractice claim is unique in that it requires a claimant to "demonstrate not merely an injury as a result of the malfeasance of his previous counsel, but also the malfeasance of the original tortfeasor which resulted in the underlying injury." *Id.* at 500, 810 A.2d at 1184. The settlement of the legal malpractice claim demonstrated that the claimant's compensable injury was caused by the third party. The Court held that the rationale behind subrogation mandated the reimbursement of the employer's subrogation lien for the following reasons:

The employee is made whole for his injury while not receiving a double benefit. The employer is not compelled to make compensation payments for the negligence of a third party. Finally, while the underlying tortfeasor may have escaped liability due to the statute of limitations and the actions of employee's previous counsel, *the legal malpractice action places this liability on the proper party.*

*Id.* at 500, 810 A.2d at 1185 (emphasis added).

■ The Board did not err in concluding that Claimant must reimburse Em-

ployer's subrogation lien pursuant to Section 319 of the Act. Section 319 provides that the employer "shall be subrogated to the right of the employe . . . against such third party" that caused the compensable injury. 77 P.S. § 671. The funds against which the employer asserts a subrogation lien must be "for the same compensable injury for which [the employer] is liable under the Act." *Dale Manufacturing*, 491 Pa. at 497, 421 A.2d at 655. That is the case here.

Claimant tries to separate his recovery from Regis from his judgment against Keystone, but the effort is unavailing. The only reason Regis was not involved in Claimant's lawsuit against Keystone is because Regis wrongfully refused to defend and indemnify Keystone. In the cases relied upon by Claimant, the monetary recovery came either from a source unrelated to the third party tortfeasor, such as from the claimant's own uninsured motorist policy, or from a tortfeasor that caused a subsequent harm different than the original compensable work injury, such as the doctor or the second employer. By contrast, the instant case involves a monetary recovery coming from the insurance carrier for the third party tortfeasor that caused Claimant's original compensable injury.

■ Claimant's lawsuit against Regis allowed him to collect the judgment against Keystone. Claimant himself had no independent cause of action against Regis stemming from its refusal to defend and indemnify Keystone. He merely stepped into the shoes of Keystone as an assignee to pursue indemnification because Keystone could not. Like the legal malpractice action in *Poole*, Claimant's lawsuit against Regis depended on the "malfeasance of the original tortfeasor," *i.e.*, Keystone's negligence, and "place[d] this liability on the proper party," *i.e.*, Regis. *Poole*, 570 Pa. at 500, 810 A.2d at 1184, 1185. Claimant ultimately received funds from Regis to satisfy the judgment against Regis' insured, Keystone, which was the third party tortfeasor that negligently caused Claimant's injury.[5] He also received workers' compensation benefits from Employer for that same injury. By allowing reimbursement of Employer's subrogation lien all purposes of subrogation are met: (1) Claimant, having been made whole for his injury, will not receive a double benefit; (2) Employer will not be compelled to make compensation payments for the negligence of a third party; and (3) liability is placed on the proper party. In short, Employer is entitled to be reimbursed for its subrogation lien out of Claimant's $426,723.44 recovery.

For these reasons, the order of the Board is affirmed.

### ORDER

AND NOW, this 1st day of August, 2013, the order of the Workers' Compensation Appeal Board dated August 2, 2012, in the above captioned matter is hereby AFFIRMED.

---

5. Under Section 319 of the Act, the employer must pay its proportionate share of the claimant's legal expenses to obtain the third party recovery or settlement. The employer's proportionate share is determined by the proportion that its accrued workers' compensation lien bears to the total third party recovery amount. *P & R Welding & Fabricating v.* *Workmen's Compensation Appeal Board (Pergola)*, 549 Pa. 490, 497–98, 701 A.2d 560, 564 (1997). Employer acknowledges that it is responsible for its share of Claimant's legal costs arising out of both the lawsuit against Keystone and the lawsuit against Regis. Employer's Brief at 5.