IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mary Ann Protz,               :
                  Petitioner   :
                                 :
      v.                      :
                                 :
Workers' Compensation Appeal   :
Board (Derry Area School District),  :  No. 402 C.D. 2015
                 Respondent :  Argued: December 10, 2015

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge[1]
                HONORABLE MARY HANNAH LEAVITT, Judge[2]
                HONORABLE P. KEVIN BROBSON, Judge

OPINION BY
PRESIDENT JUDGE PELLEGRINI         FILED: January 6, 2016

Mary Ann Protz (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) which awarded Derry Area School District (Employer) and PSBA/Old Republic Insurance Company (Insurer) subrogation of a third party medical malpractice award Claimant received with respect to medical treatment she underwent following her accepted workplace injury. For the reasons that follow, we affirm the Board's order.

---

[1] This matter was assigned to this panel before January 1, 2016, when President Judge Pellegrini assumed the status of senior judge.

[2] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

## I.

The following facts are not in dispute. Claimant sustained a work-related injury to her right knee in the form of right knee pain with underlying vascular impairment from a total knee arthroplasty with chronic regional pain syndrome type I (reflex sympathetic dystrophy) while working for Employer on April 23, 2007. Employer accepted the work injury and was paying Claimant partial-disability benefits as of January 2012 pursuant to an impairment rating evaluation.[3]

Subsequently, Claimant's work injury necessitated a total knee replacement resulting in an inadvertent transected popliteal artery. As a result, Claimant filed medical malpractice actions against the hospital where the operation was performed and the operating doctor and his practice in the Court of Common Pleas of Westmoreland County, alleging that Defendants negligently performed the procedure and failed to obtain Claimant's informed consent.

In the course of the medical malpractice lawsuits, Claimant submitted a medical report from her expert, Raymond M. Vance, M.D. (Dr. Vance), stating that as a result of Claimant's work injury, she underwent a total knee replacement

---

[3] In *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, (Pa. Cmwlth., No. 1024 C.D. 2014, filed September 18, 2015) (*en banc*) (*Protz I*), we vacated the Board's affirmance of the WCJ's grant of Employer's petition to modify Claimant's benefits from total to partial disability under Section 306(a.2) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §511.2, added by the Act of June 24, 1996, P.L 350, finding Section 306(a.2) of the Act unconstitutional pursuant to Article II, Section 1 of the Pennsylvania Constitution.

performed by Dr. Hershock, and that due to the negligent manner in which it was performed, Claimant suffered "a laceration completely dividing her popliteal artery" which in turn necessitated subsequent popliteal artery repair, embolectomy and bypass procedure. (Reproduced Record [R.R.] at 11a.)

Specifically, Dr. Vance's report stated:

> While her vascular insufficiency has been reversed, the patient is left with continuing symptoms consistent with a chronic regional pain syndrome complicating her artery laceration. I make the observation that this condition, that is complex regional pain syndrome, is known to commonly occur when significant neurovascular injury of the sort she sustained happens. With reasonable medical probability, the entirety of her symptom complex at the present time is the direct result of the complication she suffered. All treatment she has required since the complication can specifically be directly related to the complication itself. Apart from the patient's specific need to undergo revision total knee replacement surgery, all vascular procedures in particular and any procedure directed at pain management considerations with medical probability derives entirely from the patient's complication and its need for ongoing care.

> Her disability results in my view solely at the present time from her complications of chronic regional pain syndrome that are directly attributable to the vascular injury.

> Were it only for her knee itself, she would be back to work at her usual and customary employment.

(*Id.*) This action eventually settled.

3

In December 2012, Employer and Insurer filed a petition to review compensation benefits (petition) indicating that Claimant received a third party recovery in the medical malpractice action and seeking to subrogate that recovery under Section 319 of the Workers' Compensation Act (Act).[4] Claimant filed an

---

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §671, added by the Act of June 24, 1996, P.L 350. Section 319 of the Act provides:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation.
>
> Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board.

77 P.S. §671.

answer denying that the injuries resulting from the medical malpractice increased Employer and Insurer's liability under the Act and asserting that they were not entitled to any recovery under the Medicare Care Availability and Reduction of Error (MCARE) Act.[5] A consolidated hearing was held before the WCJ on this issue and on Claimant's utilization review petition which was filed simultaneously.

At the hearing, Employer submitted Claimant's medical malpractice complaints, a praecipe dated November 2012 to settle and discontinue the consolidated medical malpractice actions, and the settlement and distribution sheet prepared by Claimant's counsel in the malpractice action, showing that all monies awarded were with regard to future medical expenses and lost wages, with none of the funds being set aside for the payment of past medical bills or past lost wages. The WCJ also admitted, over Claimant's counsel's hearsay objection, Dr. Vance's report.[6]

---

[5] Act of March 20, 2002, P.L. 154, *as amended*, 40 P.S. §§1303.101–1303.1115.

[6] Following the admission of these documents, the WCJ inquired, "Where do we stand on the Utilization Review?" (R.R. at 26a.) Later in the proceeding, Employer's counsel circled back to its petition, stating:

> But with respect to the Review Petition, Your Honor, if I could just have a couple minutes to address that. With respect to the opinions of Dr. Vance, I think that they make out—and we haven't read the report yet. But I think they make out the medical substantive cause of action, so to speak, with respect to a subrogation lien issued in the Review Petition context because he indicates the entirety of this Claimant's symptom complex after the alleged malpractice event when the popliteal artery was inadvertently transected when he was performing the total knee replacement on the Claimant that after that occurred, her symptomatology was a direct result of that Malpractice Act….

**(Footnote continued on next page…)**

5

Following the hearing, the WCJ issued a decision awarding Employer and Insurer subrogation benefits from the time of the settlement forward because Employer and Insurer "established that [Claimant]'s third party settlement was for the malpractice injury…sustained during surgery performed to treat the April 23, 2007, work injury and the complications that sprang from that injury," for which Employer and Insurer were paying Claimant's medical and indemnity benefits. (R.R. at 68a.)

Based upon Section 508 of the MCARE Act,[7] the WCJ determined that Section 508(a) and (c) preclude Employer and Insurer from obtaining

---

**(continued…)**

(R.R. at 26a–27a.)

[7] Section 508 of the MCARE Act provides:

> (a) General rule.--Except as set forth in subsection (d), a claimant in a medical professional liability action is precluded from recovering damages for past medical expenses or past lost earnings incurred to the time of trial to the extent that the loss is covered by a private or public benefit or gratuity that the claimant has received prior to trial.

> (b) Option.--The claimant has the option to introduce into evidence at trial the amount of medical expenses actually incurred, but the claimant shall not be permitted to recover for such expenses as part of any verdict except to the extent that the claimant remains legally responsible for such payment.

> (c) No subrogation.--Except as set forth in subsection (d), there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to a public or private benefit covered in subsection (a).

**(Footnote continued on next page…)**

6

subrogation of the medical malpractice proceeds with regard to payments for *past* medical expenses and *past* lost earnings paid before the time of trial in which Claimant sought benefits for the malpractice. However, noting that the bar against subrogation in subsection (c) applied only to a "benefit covered in subsection (a)" and that subsection (a) pertained only to past medical expenses and past lost earnings, the WCJ held that Section 508 of the MCARE Act did not preclude Employer and Insurer from seeking subrogation with respect to *future* payments.

As such, the WCJ ordered that Employer and Insurer reimburse Claimant for the attorneys' fees and costs she incurred in obtaining the medical malpractice settlement. Determining that the cost of recovery for the third party settlement consumed 47% of the settlement, the WCJ also held that Employer and

---

**(continued…)**

(d) Exceptions.--The collateral source provisions set forth in subsection (a) shall not apply to the following:

(1) Life insurance, pension or profit-sharing plans or other deferred compensation plans, including agreements pertaining to the purchase or sale of a business.

(2) Social Security benefits.

(3) Cash or medical assistance benefits which are subject to repayment to the Department of Public Welfare.

(4) Public benefits paid or payable under a program which under Federal statute provides for right of reimbursement which supersedes State law for the amount of benefits paid from a verdict or settlement.

40 P.S. §1303.508(a)–(d).

Insurer were entitled to a reduction of Claimant's "medical bills and disability benefits at the rate of 47% of the repriced amount for future medical bills and 47% of her weekly disability rate." (*Id.*)

Claimant appealed to the Board, contending that: (1) the WCJ erred in relying upon Dr. Vance's report which was offered only for purposes of adjudicating Claimant's utilization review petition and not for purposes of Employer's petition; and (2) Section 508 of the MCARE Act precluded a workers' compensation carrier from subrogating the proceeds of a claimant's third party medical malpractice action. First, the Board noted that although there was no evidence before it regarding Claimant's utilization review petition, "[Employer] indicate[d] that Claimant has filed a UR Petition concerning the propriety of physical therapy she had been receiving, which was initially consolidated with the Review Petition." (R.R. at 79a n. 2.) Because Claimant's utilization review petition "[p]urportedly…involved the question of the reasonableness and necessity of physical therapy treatment," and because the expert report "specifically spoke to issues surrounding the event during surgery performed for the work injury that led to complications and disability," the Board reasoned that the report was germane to the subrogation issue and that Claimant never argued that the report should be admitted only for utilization review purposes.

Regarding subrogation, the Board explained that under Section 319 of the Act, the right of subrogation is automatic and absolute. 77 P.S. §671. Because the plain language of Section 508 of the MCARE Act expressly eliminated subrogation rights with respect to past medical bills and past lost earnings but was

8

silent on the issue of future payments of expenses and lost earnings, the Board concluded that it did not preclude the subrogation sought in this case and affirmed the WCJ's order. 40 P.S. §1303.508. Claimant filed the instant appeal raising the same arguments as below.[8]

## II.

## A.

With respect to Claimant's argument that the WCJ erred in relying upon Dr. Vance's expert report because it was offered only regarding Claimant's utilization review petition and not for purposes of Employer and Insurer's petition, we disagree. First, Employer's counsel made clear that Dr. Vance's report was offered "with respect to a subrogation lien issue in the Review Petition context." (R.R. at 26a–27a.) Indeed, counsel indicated that the report supports the position that all of the symptoms Claimant sustained following the transection of her popliteal artery were related to the malpractice incident and not her work injury. Claimant's counsel did not object to the admission of the report on the grounds that it was irrelevant to Employer's review petition; he objected only on the basis of hearsay—an objection which Claimant did not pursue before the Board and which, therefore, has been waived. *Thissen v. Workers' Compensation Appeal Board (Tri-Boro Concrete, Inc., Gates McDonald, and Inservco Insurance Services)*, 842 A.2d 536, 539 (Pa. Cmwlth. 2004).

---

[8] We review Board decisions to determine whether errors of law were made, whether constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Ward v. Workers' Compensation Appeal Board (City of Philadelphia)*, 966 A.2d 1159, 1162 n.4 (Pa. Cmwlth.), *appeal denied*, 982 A.2d 1229 (Pa. 2009).

**B.**

Claimant does not disagree that Section 508 of the MCARE Act is silent regarding subrogation of future medical expenses and wage loss awards in medical malpractice actions, but contends that such silence must be construed as prohibiting subrogation in accordance with the plain language of Section 508(c) of the MCARE Act.  40 P.S. §1303.508(c).  Conversely, Employer and Insurer argue that the statute's plain meaning mandates allowance of subrogation in this respect.

The right of subrogation has been described as "an absolute [right]" that "applies whenever a debt or obligation is paid by one party though another is primarily liable" and which "has assumed even greater stature" in the workers' compensation context.  *Brubacher Excavating, Inc. v. Workers' Compensation Appeal Board (Bridges)*, 835 A.2d 1273, 1275 (Pa. 2003).  In examining an employer's right to subrogation under Section 319 of the Act, 77 P.S. §671, our Supreme Court has emphasized the threefold rationale supporting subrogation rights:  "[T]o prevent double recovery for the same injury by the claimant, to ensure that the employer is not compelled to make compensation payments made necessary by the negligence of a third party, and to prevent a third party from escaping liability for his negligence."  *Poole v. Workers' Compensation Appeal Board (Warehouse Club, Inc.)*, 810 A.2d 1182, 1184 (Pa. 2002) (internal citation omitted).  It is against this backdrop that we analyze the MCARE Act.

Certainly, Section 508(c) of the MCARE Act precludes subrogation of plaintiffs' medical malpractice proceeds to the extent that those proceeds are "covered in subsection (a)."  40 P.S. §1303.508(c).  Subsection (a), in turn, bars

recovery of "past medical expenses or past lost earnings incurred to the time of trial," including those paid by an employer or workers' compensation insurance carrier. 40 P.S. §1303.508(a). Subsection (a), however, does not address future medical expenses or future wage loss. Therefore, because future expenses and wage loss are not "covered in subsection (a)," subsection (c)'s prohibition against subrogation with regard to those awards does not apply. 40 P.S. §1303.508(c).

This plain-meaning interpretation is consistent with the purpose of subrogation insofar as it prevents Claimant from enjoying a double recovery for the same injury, namely, workers' compensation benefits and medical malpractice proceeds which both compensate her for her complex regional pain syndrome, a complication she would not have experienced but for the alleged medical malpractice.[9] Moreover, it furthers the goal of ensuring that Employer and Insurer are not compelled to compensate Claimant for injuries caused by the negligence of a third party—that is, the medical malpractice Defendants.

Our interpretation of Section 508 of the MCARE Act also aligns with the presumption that "the legislature did not intend to change existing law by omission or implication" but only "by an express provision." *Fletcher v. Pennsylvania Property and Casualty Insurance Guaranty Association*, 914 A.2d 477, 483 (Pa. Cmwlth. 2007), *aff'd*, 985 A.2d 678 (Pa. 2009). Indeed, prior to the enactment of the MCARE Act, employers and workers' compensation carriers

---

[9] It is of no moment that Claimant's medical malpractice claims were settled and did not reach verdict. *See Helms Express v. Workmen's Compensation Appeal Board (Lemonds)*, 525 A.2d 1269, 1272 (Pa. Cmwlth. 1987), *appeal dismissed*, 548 A.2d 252 (Pa. 1988).

11

were entitled to subrogation with respect to both past and future benefits. *See Helms Express v. Workmen's Compensation Appeal Board (Lemonds)*, 525 A.2d 1269, 1272 (Pa. Cmwlth. 1987), *appeal dismissed*, 548 A.2d 252 (Pa. 1988). Although Section 508(c) of the MCARE Act disallows subrogation with respect to benefits paid up until the time of trial, it does nothing to alter the pre-existing law with regard to future benefits. This is of particular importance since the General Assembly has demonstrated in other contexts its ability to impose an absolute bar against workers' compensation carriers' right of subrogation. *See* 75 Pa. C.S. §1720 ("In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits….").

Accordingly, we affirm the Board's order awarding Employer and Insurer subrogation of Claimant's third party medical malpractice recovery with respect to the award for her future medical expenses and wage loss.

DAN PELLEGRINI, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mary Ann Protz,                :
              Petitioner    :
                                 :
         v.                 :
                                 :
Workers' Compensation Appeal    :
 Board (Derry Area School District),  :
               Respondent  :  No. 402 C.D. 2015

# **O R D E R**

AND NOW, this 6th day of <u>January</u>, 2016, the order of the Workers'
Compensation Appeal Board in the above-captioned case is affirmed.

                                  _____
                                  DAN PELLEGRINI, President Judge