J-A21043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL KACHMAR, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM J. LITVIN, ESQ. d/b/a LAW | : | No. 2794 EDA 2015 |
| OFFICES OF SALING AND LITVIN, | : | |

Appeal from the Judgment entered September 10, 2015
in the Court of Common Pleas of Chester County,
Civil Division, No(s): 2013-06092

BEFORE: BENDER, P.J.E., DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.                    **FILED NOVEMBER 17, 2016**

Michael Kachmar ("Kachmar") appeals from the Judgment entered against him and in favor of William J. Litvin, Esquire, d/b/a Law Offices of Saling and Litvin (collectively, "Litvin"), in this professional negligence case. We affirm.

In its October 22, 2015 Opinion, the trial court set forth the factual and procedural history underlying the instant appeal, which we adopt as though fully restated herein. *See* Trial Court Opinion, 10/22/15, at 1-3; *see also* Trial Court Opinion, 3/18/15, at 1-4.

Following a bench trial, the trial court found in favor of Litvin and against Kachmar. Kachmar filed post-trial Motions, which the trial court denied. Thereafter, Kachmar filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Kachmar presents the following claims for our review:

(1) Did the trial court commit an error of law in granting Litvin's Motion for Bifurcation, further remanding the "case-within-the-case" to a non-jury trial?

(2) Did the [trial court] commit an error of law in holding [that] **Muhammad** [**v. Strassburger, et al.**, 587 A.2d 1346 (Pa. 1991),] *per se*[,] precluded a verdict in favor of Kachmar at trial?

Brief for Appellant at 4.

Kachmar first claims that the trial court erred when it granted Litvin's Motion for Bifurcation, thereby allowing the "case-within-the-case"[1] to proceed without a jury. *Id.* at 17. Kachmar contends that at all times, he demanded a jury trial, and that the bifurcation and non-jury trial of the "case-within-the-case" violated his rights under the Pennsylvania and United States Constitutions, as well as Pa.R.C.P. 1007.1(c)(1). *Id.* According to Kachmar, "the liability of Litvin (which is separate and distinct from the case-within-the-case proof) necessarily became part of the trial." *Id.* at 18. Kachmar contends that "the non-jury trial confused Litvin's liability with the Order of bifurcation[,] *vis-à-vis* 'case-within-the-case' proofs—with damages

---

[1] As we will discuss *infra*, a legal malpractice action in Pennsylvania requires the plaintiff to prove that he had a viable cause of action against the party he wished to sue in the underlying case, and that the attorney he hired was negligent in prosecuting or defending that underlying case (often referred to as proving a "case within a case"). **Poole v. Workers' Comp. Appeal Bd. (Warehouse Club, Inc.)**, 810 A.2d 1182, 1184 (Pa. 2002).

being relatively simplistic as mathematical (*i.e.*, the underlying settlement amount to Christine Kachmar)." ***Id.***

Under Pa.R.C.P. 213(b), the decision whether to bifurcate a trial is within the trial court's discretion. ***Gallagher v. Pa. Liquor Control Bd***., 883 A.2d 550, 557 (Pa. 2007). Accordingly, we review the trial court's ruling for an abuse of discretion. ***Id.***

In its Opinion, the trial court addressed Kachmar's challenge to the bifurcation (and the resulting bench trial), and concluded that it lacks merit. Trial Court Opinion, 10/22/15, at 9-10 (addressing bifurcation), 10-11 (addressing the propriety of a bench trial in the underlying case). We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis.[2] ***See id.***

Kachmar next claims that the trial court erred in holding that the Pennsylvania Supreme Court's holding in ***Muhammad*** precluded a verdict in favor of Kachmar. Brief for Appellant at 9. Kachmar asserts that he "is not attempting to second-guess his attorney's settlement valuation. On the contrary, [he] contends strict settlement causative legal errors." ***Id.*** at 20.

---

[2] In its Opinion, the trial court adopted, *inter alia*, the rationale set forth in its February 13, 2015 Order granting bifurcation. In that Order, the trial court stated the following:

> A review of the underlying divorce action reveals that [Christine] Kachmar did not petition the court for a jury trial on the issue of spousal support, nor did the court issue such a ruling regarding a jury trial on any matter in the underlying divorce action.

Trial Court Order, 2/13/15, at 1 n.1.

Kachmar contends that there is a "negligence exception" to the Pennsylvania Supreme Court's holding in **Muhammad**. **Id.** Kachmar argues in the alternative that **Muhammad** does not apply in this case. **Id.** According to Kachmar, "the settlement at issue regarded the divorce litigation[,] not Litvin's preparation and presentation of the defective postnuptial agreement—two distinct proceedings (*i.e.*, transactional v. litigation)— necessarily distinguishing **Muhammad**'s rationale." **Id.**

"Our review of the trial court's decision after a non-jury trial is limited to determining whether the findings of the trial court are supported by the competent evidence and whether the trial court committed error in the application of law." **Kornfeld v. Atl. Fin. Fed.**, 856 A.2d 170, 173 (Pa. Super. 2004). It is not our role to pass on the credibility of witnesses, as the trial court clearly is in the superior position to do so. **Id.**

As our Supreme Court has explained,

[a]n essential element to this cause of action is proof of actual loss[,] rather than a breach of a professional duty causing only nominal damages, speculative harm or the threat of future harm. [**Rizzo v. Haines**, 555 A.2d 58,] 68 [(Pa. 1989)]. Damages are considered remote or speculative only if there is uncertainty concerning the identification of the existence of damages[,] rather than the ability to precisely calculate the amount or value of damages. **Id.** ….

* * *

[The plaintiff] must initially establish by a preponderance of the evidence that he would have recovered a judgment in the underlying action …. It is only after the plaintiff proves he would have recovered a judgment in the underlying action that the plaintiff can then proceed with proof that the attorney he

- 4 -

engaged to prosecute or defend the underlying action was negligent in the handling of the underlying action and that negligence was the proximate cause of the plaintiff's loss since it prevented the plaintiff from being properly compensated for his loss.

***Kituskie v. Corbman***, 714 A.2d 1027, 1029-30 (Pa. 1998) (footnote omitted).

Here, the trial court determined that Christine Kachmar would not have been successful in setting aside the post-nuptial agreement. Trial Court Opinion, 3/18/15, at 9, 11. In addition, the trial court observed that Kachmar decided to settle the underlying litigation over the post-nuptial agreement, and fails to argue fraudulent inducement to enter into the settlement. ***Id.*** at 9-11. We agree with the sound reasoning of the trial court, in resolving these issues, and affirm on the basis of its March 18, 2015 Opinion with regard to these claims. ***See id.*** at 9-11; ***see also*** Trial Court Opinion, 10/22/15, at 6-9.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2016

- 5 -

MICHAEL KACHMAR        :   IN THE COURT OF COMMON PLEAS

                               :   CHESTER COUNTY, PENNSYLVANIA

          vs.                 :

WILLIAM J. LITVIN, ESQUIRE d/b/a   :   NO. 13-06092
LAW OFFICES OF SALING &        :
LITVIN                        :   CIVIL ACTION



Matthew B. Weisberg, Esquire, on behalf of Plaintiff/Appellant
Jeffrey B. McCarron, Esquire, on behalf of Defendants/Appellees

## OPINION PURSUANT TO Pa.R.A.P. 1925

### I. PROCEDURAL SETTING

This matter comes before this Court as a result of an appeal filed by Michael Kachmar (hereinafter "Plaintiff") from the denial of Motion for Post-Trial Relief entered August 17, 2015. Plaintiff timely filed his appeal on September 2, 2015. By Order of September 3, 2015, the Court directed Plaintiff to prepare a Concise Statement of Errors Complained Of on Appeal. The Concise Statement was filed on or about September 18, 2015. The matter is now ready for determination.

### II. FACTS

According to the Amended Complaint, this civil action arises out of the representation by Defendant, William J. Litvin, Esquire, of Plaintiff in the preparation of a post-nuptial agreement and subsequent divorce. Plaintiff alleges that Defendant committed legal malpractice by failing to include a release of spousal support clause in the post-nuptial agreement. Plaintiff was dissatisfied with the amount of property he ultimately transferred to his ex-wife, Mrs. Kachmar, in a subsequent property settlement agreement and claims that he was forced to settle for such amount as the

result of the absence of the spousal support waiver in the post-nuptial agreement. Plaintiff asserted professional negligence, breach of contract/covenant of good faith and fair dealing, and breach of fiduciary duty claims. He eventually withdrew the breach of fiduciary duty claim.

Defendants filed Preliminary Objections to the Amended Complaint on or about April 2, 2014, seeking to strike the claims for attorney's fees and emotional distress damages. This Court sustained the Preliminary Objections by Ordered dated April 30, 2014.

At a later stage in the proceedings, Defendants moved for Summary Judgment, raising an argument that Plaintiff's claims were barred as a matter of law by the Superior Court's decision in *Muhammad v. Strassburger, McKenna, Messer, Shilobod, and Gutnick*, 587 A.2d 1346 (Pa. 1991), *rehearing denied*, 598 A.2d 27 (1991). This Court denied the Defendants' Motion for Summary Judgment by Order entered September 23, 2014, without opinion.

Defendants subsequently filed a motion in limine seeking bifurcation of this action on the basis that in the underlying family court matter, Plaintiff was not entitled to a jury trial as of right. For purposes of resolving the "case within a case" requirement of this legal malpractice action, this Court granted Defendants' motion in limine, thereby bifurcating the action and granting a bench trial on the sole issue of whether the underlying petition would have been successful.

A bench trial was heard on the underlying Petition to Set Aside on February 17, 2015. Following trial, the parties were permitted to submit proposed findings of fact and conclusions of law. Thereafter, on March 18, 2015, this Court issued a Decision

2

pursuant to Pa.R.C.P. 1038 in favor of Defendants, which is hereby incorporated herein and attached hereto for ease of reference.

On March 30, 2015, Plaintiff filed a motion for post-trial relief, seeking judgment in favor of Plaintiff or, in the alternative, a new trial. As a basis for the request for a new trial, Plaintiff claimed he was harmed by this Court's ruling which prohibited him from offering evidence of his increased risk of harm. Plaintiff also argued that the Court erred in applying *Muhammad* to bar his claims after previously denying Defendants' Motion for Summary Judgment on the issue. Plaintiff additionally claimed that this Court erred in bifurcating the trial so that the issue of Mrs. Kachmar's success on the Petition to Set Aside was heard at a bench trial. Finally, Plaintiff argued that the evidence presented at trial supported a verdict in his favor and that the weight of the evidence was contrary to this Court's verdict in favor of Defendant. By Order dated August 17, 2015, this Court denied Plaintiff's post-trial motions. It is from this Order that Plaintiff now appeals.

Plaintiff's Concise Statement of Matters Complained Of on Appeal contains 13 allegations of error by this Court, which are summarized into four categories as follows:

1. Did the Court err in entering judgment against Plaintiff?

2. Did the Court err in holding that *Muhammad* applied to bar Plaintiff's legal malpractice action?

3. Did the Court err in bifurcating the "case within a case" element of Plaintiff's legal malpractice action?

4. Did the Court err in holding a bench trial on the issue of the "case within

3

a case" in spite of Plaintiff's jury demand?

## III. ISSUES

A. Whether judgment should have been entered in favor of Defendants.

B. Whether Muhammad applied to bar Plaintiff's legal malpractice action.

C. Whether bifurcation of the "case within a case" was proper.

D. Whether a bench trial was properly held on the issue of the "case within a case".

## IV. HOLDINGS

A. Yes, judgment was properly entered in favor of Defendants.

B. Yes, Muhammad is good law that applied to bar Plaintiff's legal malpractice action.

C. Yes, bifurcation of the "case within a case" was proper.

D. Yes, a bench trial was proper on the issue of the "case within a case"

## V. RATIONALE

A. Standard of Review

This appeal arises from the denial of Plaintiff's post-trial relief seeking judgment in Plaintiff's favor or, in the alternative, a new trial. When reviewing a trial court's decision in a non-jury trial, the appellate court must determine whether the findings of the trial court are supported by competent evidence and whether the trial judge committed error in the application of law. In a bench trial, the trial judge acts as fact-finder and has the authority to make credibility determinations and to resolve conflicts in evidence. See, *Ruthrauff, Inc. v. Ravin, Inc.*, 914 A.2d 880 (Pa. Super. 2006). Consequently, the trial judge's findings made after a bench trial must be given

4

the same weight and effect as a jury verdict and will not be disturbed on appeal unless they are not supported by competent evidence in the record. See, *Levitt v. Patrick*, 976 A.2d 581 (Pa. Super. 2009); *Stonehedge Square Ltd. v. Movie Merchants, Inc.*, 685 A.2d 1019, 1022 (Pa. Super. 1996), *appeal allowed in part*, 696 A.2d 805 (1997), *affirmed*, 715 A.2d 1082 (1998) (citations omitted). It is not the Superior Court's role to pass on the credibility of witnesses, as the trial court clearly is in the superior position to do so. See, *Kornfeld v. Atl. Fin. Fed.*, 856 A.2d 170, 173 (Pa. Super. 2004), *appeal denied*, 871 A.2d 192 (Pa. 2005) (citation and internal quotation marks omitted).

A judgment notwithstanding the verdict may be entered on two bases: (1) where the movant is entitled to judgment as a matter of law and/or (2) where the evidence is such that no two reasonable persons could disagree the verdict should have been rendered for the movant. See, *Griffin v. University of Pittsburgh Medical Center-Braddock Hosp.*, 950 A.2d 996, 999 (Pa. Super. 2008) *(quoting Buckley v. Exodus Transit & Storage Corp.*, 744 A.2d 298, 304-305 (Pa. Super. 1999)) (citations omitted). On the first basis, a court must review the record and conclude that, even with all factual inferences decided adverse to the movant, the law nonetheless required a verdict in movant's favor. As to the second basis, a court must review the evidentiary record and conclude that the evidence is such that a verdict for the movant is beyond peradventure. See, *Eichman v. McKeon*, 824 A.2d 305 (Pa. Super. 2003). Judgment notwithstanding the verdict is not to be entered where the evidence is conflicting on a material fact. See, *Lilley v. Johns–Manville Corp.*, 596 A.2d 203, 207 (Pa. Super. 1991).

Trial courts have broad discretion to grant or deny a new trial. It is well-

5

established law that, absent a clear abuse of discretion by the trial court, appellate courts must not interfere with the trial court's authority to grant or deny a new trial. Because of the superior position of the trial judge as fact-finder to assess the credibility of witnesses and resolve conflicts in evidence, the trial court's authority to grant or deny a post-trial motion following a bench trial "is enhanced, and the appellate court's authority to override the trial court's decision is proportionately diminished." See, *Spang & Co. v. United States Steel Corp.*, 545 A.2d 861, 866 (Pa. 1988). A new trial may be granted only when the verdict is so contrary to the evidence as to shock one's sense of justice. See, *Tucker v. Bensalem Twp. Sch. Dist.*, 987 A.2d 198 (Pa. Cmwlth. 2009).

B. Discussion

### 1. Judgment was properly entered in favor of Defendants.

Upon review and consideration of the Concise Statement, my findings of fact and conclusions of law in support of my decision in favor of Defendants is set forth at length in my Decision Pursuant to Pa.R.C.P. 1038 of March 18, 2015, and I have little to add but the following for the reviewing court's consideration.

Sitting as the fact-finder during a bench trial on the issue of the "case within a case", this Court determined that the Motion to Set Aside would not have been successful, in whole or in part, because the allegations of Mrs. Kachmar's Petition to Set Aside were contradicted by the testimony of both Mrs. Kachmar and Plaintiff at trial. See, *Decision of March 18, 2015 at pgs. 5-6.* Mrs. Kachmar testified that she consulted with an attorney friend of hers who reviewed the agreement. See, *Id. at pg. 6.* Upon such review, Mrs. Kachmar was apparently satisfied and executed the

6

agreement. There was no suggestion by Mrs. Kachmar of fraud, misrepresentation or duress. See, *Decision of March 18, 2015 at pg. 9.* [1]

Plaintiff further argues that this Court erred by not allowing him to present evidence that the Motion to Set Aside did not expose him to a risk of harm which he mitigated through settlement. However, courts of this Commonwealth have determined that they will not apply an increased risk of harm standard to legal malpractice actions. See, *Myers v. Robert Lewis Seigle, P.C.*, 751 A.2d 1182, 1185 (Pa. Super. 2000); see also, *Gans v. Gray*, 612 F.Supp. 608, 614 (E.D. Pa.1985); see also, *ASTech Int'l, LLC v. Husick*, 676 F. Supp. 2d 389, 401 (E.D. Pa. 2009). Thus, Plaintiff's assertion is wholly lacking merit.

Simply put, Plaintiff did not meet his burden of proving the case within the case by a preponderance of the evidence. As this is the threshold issue in any legal malpractice case, Plaintiff was not permitted to move forward in attempting to prove the remaining elements of his claim. See, *Pa.R.C.P. 224*. Any further analysis required by the reviewing court is set forth in my Decision of March 18, 2015. Judgment was properly entered in favor of Defendants. Plaintiff's post-trial motion clearly failed to meet the criteria necessary to entitle him to a judgment notwithstanding the verdict or, in the alternative, a new trial. This Court's decision was supported by competent evidence based upon the credibility of the witnesses and the resolution of any conflicting evidence which should not be disturbed. I, therefore, respectfully request that my ruling be affirmed.

### 2. *Muhammad* applied to bar Plaintiff's legal malpractice action.

Ultimately, the Petition to Set Aside was never adjudicated because Plaintiff

7

and Mrs. Kachmar reached a settlement of the matter. See, *Decision of March 18, 2015 at pg. 10.* Settlement of the underlying matter in a legal malpractice action raises the question of whether a party is permitted, as a matter of law, to pursue such a claim against his attorney. The Supreme Court case, *Muhammad v. Strassburger, McKenna, Messer, Shilobob & Gutnick*, 587 A.2d 1346 (Pa. 1991), *cert. denied*, 502 U.S. 867 (1991), is instructive on this issue. The *Muhammad* Court held that a client cannot maintain a legal malpractice action against an attorney where the client agreed to settlement of his or her claim in the absence of proof that the settlement was fraudulently induced. See, *Id.* Here, as stated in my Decision of March 18, 2015, there was no allegation that Plaintiff entered into the settlement agreement with Mrs. Kachmar based upon a fraudulent inducement by Defendants. See, *Decision of March 18, 2015 at pg. 10.* Indeed, Plaintiff indicated that he chose to settle the matter to put the matter behind him and move beyond the domestic relations battle with his former spouse. See, *Id. at pg. 7.*

This Court's determination following trial that Plaintiff's claims were barred by *Muhammed* is not contrary to the law of the case doctrine. Defendants' Preliminary Objections were not adjudicated on this issue. The Order of September 23, 2014 denying Defendants' Motion for Summary Judgment was issued without any opinion or basis for the ruling. At trial, this Court is not bound by an earlier ruling denying summary judgment on an issue. The law of the case doctrine simply prohibits a court from granting relief that directly contradicts previous court holdings. See, *Riccio v. American Republic Ins. Co.*, 705 A.2d 422 (Pa. 1997). However, this doctrine does not typically apply where the motions are of a different type. See, *Id.* at 425-26.

8

Because this Court's Order denying Defendants' Motion for Summary Judgment was issued at a different stage of litigation than this Court's decision and opinion following trial, the law of the case doctrine does not apply.

I have nothing additional with which to supplement the legal analysis of *Muhammad* and its applicability to the facts; therefore, I defer to my Decision of March 18, 2015. There was no error of law in barring Plaintiff's legal malpractice claims stemming from the settlement of the Petition to Set Aside and other equitable distribution issues in the underlying matter. Accordingly, I respectfully request that the Superior Court affirm my ruling.

### 3. Bifurcation of the "case within a case" was proper.

The decision to bifurcate the underlying "case within a case" was addressed in my Order of February 12, 2015, which I hereby incorporate by reference and attach hereto for ease of reference.

Bifurcation of trial issues is permitted by Pennsylvania case law and the Rules of Civil Procedure. See, *Pa. R.C.P. 213(a)*. The trial court may order bifurcation of trial issues in furtherance of convenience or to avoid prejudice. See, *Geiswite v. Warner*, 21 D&C 4th 473, 476 (C.P. Clinton Cty, 1993); see also, *Coleman v. Philadelphia Newspapers, Inc.*, 570 A.2d 552, 555 (Pa. Super. 1990). The decision to bifurcate is discretionary. See, *Wolk v. Wolk*, 464 A.2d 1359, 1362 (Pa. Super. 1983). The court's decision to bifurcate a trial shall not be disturbed absent an abuse of discretion. See, *Sacco v. City of Scranton*, 540 A.2d 1370, 1372 (Pa. Cmwlth.1988).

It is well-settled law in this Commonwealth that to prevail on a legal malpractice action, the plaintiff must first successfully litigate the "case within the case." See,

9

*Kituskie v. Corbman*, 714 A.2d 1027 (Pa. 1998). Only after the plaintiff proves that he would have lost in the underlying matter may the plaintiff proceed on the other elements of his claim, i.e., proof that the attorney's negligence was the proximate cause of the plaintiff's loss. See, *Id*. Here, Plaintiff was required to litigate to a conclusion the Petition to Set Aside that was underlying his legal malpractice claim. In light of the clear delineation of these matters for trial and the prerequisite that Plaintiff first demonstrate that he would have prevailed in the underlying matter, bifurcation of this action promoted the interests of judicial economy and avoided any unnecessary prejudice. See, *Pa.R.C.P. 213(a) and 224* (the court may compel the plaintiff to produce all evidence upon the question of the defendant's liability before calling any witness to testify solely to the extent of the injury or damages). Additionally, Plaintiff has not claimed that this Court abused its discretion in so ordering bifurcation; rather, the Concise Statement suggests that the bifurcation was an error of law, which is not a basis for disturb this Court's decision. For these reasons, I respectfully request that the Superior Court affirm my ruling.

4. <u>Bench trial on the issue of the "case within a case" was proper</u>

The decision to hold a non-jury trial on the issue of the underlying "case within a case" was addressed in my Order of February 12, 2015, which I previously incorporated by reference and have attached hereto for ease of reference. In the Order, I noted that the underlying matter involving the Petition to Set Aside filed by Mrs. Kachmar could not properly go before a jury. See, *23 Pa. C.S.A. 3322*. Upon investigation, this Court discovered that neither Mrs. Kachmar nor Plaintiff, at any point in the underlying proceedings, petitioned the family court for the equitable distribution

10

matters to be submitted for a jury trial. Moreover, at no point in the underlying proceedings did the family court issue a ruling regarding either party's entitled to a jury on this matter. For these reasons, I determined that Plaintiff was not entitled to a jury on this matter in the prosecution of his legal malpractice action.

In sum, whether Mrs. Kachmar would have prevailed on her Petition to Set Aside was for determination by a trial judge, not a jury. Plaintiff is not permitted to maneuver this case so that a jury decides the "case within a case" which would have been adjudicated by a judge had the matter not been settled.

As there was no abuse of discretion in this Court's determination that the "case within a case" was to be heard in a non-jury trial, I respectfully request that the Superior Court affirm my ruling.

BY THE COURT:

Date: October 22, 2015

Jeffrey R. Sommer          J.

---

[1] Plaintiff's Concise Statement raises the argument that that this Court erred by disregarding Plaintiff's expert's testimony. This matter was not raised by Plaintiff's post-trial motion and, therefore, the issue is deemed waived for purposes of this appeal.

11